The opinion of the court was delivered by
Watkins, J.
Relator alleges that about the 1st of April, 1892, while he was domiciled in the parish of Union, he filed a petition in the respondent’s court, petitioning his creditors for a respite, and that same was subsequently granted; that subsequently he removed from the parish of Union to the parish of Ouachita, and there established bis permanent domicil, to which he had intermediately removed his property and effects; that on the 23d of August, 1893, subsequent to the relator’s change of domicil, one of his creditors appeared and filed an opposition in the original respite proceedings, alleging the relator’s default and failure to make the first payment contemplated, and prayed a rule and judgment condemning him to make a surrender under the insolvent laws of the State; that he appeared and excepted to the jurisdiction of the court ratione personse, because of his domicil being in the parish of Ouachita; and same was by the court overruled, and this writ and relief applied for.
*1350 The respondent judge concedes the-facts t<? be as,stated, but denies -their, sufficiency to.justify the maintenance of the writ. -
Relator’s proceedings were predicated upon the provisions of Sec. 1 of Act 134 of 1888, amending R. O. C. 3093, which are as follows, viz.:
“And if any debtor having obtained a respite shall fail or neglect to furnish, when required by order of court, the security herein provided for * * * or shall fail or neglect to make payment to his respective creditors, according to the terms of said respite,' any creditor thereby-interested may proceed summarily against such •debtor, by rule taken in the respite proceedings, to show cause why the judgment decreeing such respite should not be vacated and annulled, and why the debtor should not forthwith make a cession of his property to his creditors.”
The precepts of that statute have been closely followed, and there has been suggested no unconstitutionality of the law, which is purely remedial in character.
It is a well settled precept of jurisprudence, as it is a well recognized principle of law, that judicial proceedings once regularly inaugurated can not be annihilated by any act of the parties to judgments and decrees then rendered.
On this question the principles announced and the authorities collated in Heirs of McGehee vs. McGehee, Administrator, 41 An. 657, are quite instructive.
There is no reason to doubt the force or applicability of the legislative act authorizing the creditor’s rule to be taken in the original probate proceedings, irrespective of- the domicil of the relator acquired in a different parish,-subsequent to their institution;-and therefore the prayer of the relator should be refused, and it is ordered and decreed that the restraining order herein granted be set aside, and a writ of prohibition refused at the relator’s cost-.